**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **NO. 4:20-CR-352-HEA** |
| **v.** | ) |
| | ) |
| **NICHOLAS FRANKE,** | ) |
| | ) |
| **Defendant.** | ) |

## GUILTY-PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

### 1.   PARTIES:

The parties are the defendant Nicholas Franke, represented by defense counsel Mark Hammer, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

### 2.   GUILTY PLEA:

#### A.   The Plea:

Pursuant to Rule 11(c)(1)(A), of the Federal Rules of Criminal Procedure, in exchange for the Defendant's voluntary plea of guilty to Count 1, the United States agrees to move for the dismissal as to the defendant of Counts 2-5 at the time of sentencing. Moreover, the United States agrees that no further federal prosecution will be brought in this District relative to the

1

defendant's tax evasion, known to the United States at this time, arising out of the events set forth in the indictment.

**B.      The Sentence:**

The parties agree that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties is the result of negotiation and led, in part, to the guilty plea. The parties further agree that either party may request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines and Title 18, United States Code, Section 3553(a) as long as notice of any such request be given no later than ten days prior to sentencing and that said notice shall specify the legal and factual bases for the request. The parties agree that the recommendations contained herein fairly and accurately set forth some of the guidelines that may be applicable to this case. The parties understand that the Court is neither a party to nor bound by the Guidelines recommendations agreed to in this document.

**3.      ELEMENTS:**

As to Counts 1, defendant admits to knowingly violating Title 18, United States Code, Section 7201, and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

(1)      That defendant had a substantial income tax deficiency;

(2)      That defendant made an affirmative attempt to evade or defeat the payment of the income tax; and

(3)      That defendant acted willfully.

2

## 4.   FACTS:

The parties agree that the facts in this case are as follows and that the United States would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3.

For 2013-2015, Nicholas Franke, an attorney, operated a solo law practice and generated business revenue and paid himself from those proceeds. For those years, Franke filed extension requests listing zero in tax due and owing, knowing those to be false statements. Franke then failed to file returns for those years. During this time period, IRS civil was trying to collect on past year liabilities and Franke moved his assets to prevent seizure by the IRS.

When Franke learned of the IRS criminal investigation, he hired an attorney and a CPA firm to prepare his unfiled taxes. Based on those late-prepared and filed returns, Franke admits tax due and owing of $15,499 for 2013, $648,849 for 2014, and $31,185 for 2015. In March 2018, Franke made a payment of approximately $365,000. This amount paid reduces Franke's tax due and owing, however, this payment was made over a year after Franke became aware of the IRS criminal investigation.

Additionally, in 2013, despite receiving over $135,000 in deposits into his business checking account in 2013, Franke filed an extension to file his return, Form 4868, claiming that he had $10 in tax liability for 2013 and that $10 had been paid leaving $0 in tax due and owing. Following the filing of that extension, Franke did not timely file a tax return for 2013. Further, he only filed a return for 2013 after learning of the IRS-CI investigation.

In 2014, despite receiving over $149,000 in deposits into his business checking account in 2014, and earning a contingency fee of $1.7 million, Franke filed an extension to file his

3

return, Form 4868, claiming that he had $0 in tax liability for 2014. Following the filing of that extension, Franke did not timely file a tax return for 2014. Further, he only filed a return for 2014 after learning of the IRS criminal investigation.

In 2015, Franke received over $660,000 in deposits into his business checking account and later filed an extension to file his return claiming that he had $0 in tax liability for 2015. Following the filing of that extension, Franke did not timely file a tax return for 2015. Further, he only filed a return for 2015 after learning of the IRS investigation.

During this time period, Franke used $320,000 from the corporate operating account to purchase a vacation home near Table Rock Lake in Missouri. Further, as a result of the ongoing IRS collection efforts from previous years, Franke liquidated his 401(k) account that held over $300,000 in equity and was being sought by the IRS. Franke was aware that the IRS was planning to secure funds from his 401(k).

## 5. **STATUTORY PENALTIES:**

The defendant fully understands that the maximum possible penalty provided by law for the crime to which the defendant is pleading guilty is imprisonment of not more than 5 years, a fine of not more than $100,000, or both such imprisonment and fine. The Court may also impose a period of supervised release of not more than 3 years.

## 6. **U.S. SENTENCING GUIDELINES: 2018 MANUAL**

The Defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply.

4

**A.**     **Chapter 2 Offense Conduct:**

**i.**    **Base Offense Level:**  As to Count One, pursuant to Guideline §§ 2T1.1 and 2T4.1, the

offense level is calculated with reference to the corresponding tax loss. It is the government's

position that the tax loss caused by the offense was more than $250,000, but not more than $550,000,

resulting in a base offense level of 18. The defendant reserves the right to argue the amount of tax loss at

sentencing.

**ii.**    **Specific Offense Characteristics**:  None.

**B.**     **Chapter 3 Adjustments:**

**Acceptance of Responsibility:**  The parties agree that 3 levels should be

deducted pursuant to Section 3E1.1(a) and (b), because the defendant has clearly demonstrated

acceptance of responsibility and timely notified the government of the defendant's intention to

plead guilty.  The parties agree that the defendant's eligibility for this deduction is based upon

information presently known.  If subsequent to the taking of the guilty plea the government

receives new evidence of statements or conduct by the defendant which it believes are

inconsistent with defendant's eligibility for this deduction, the government may present said

evidence to the court, and argue that the defendant should not receive all or part of the deduction

pursuant to Section 3E1.1, without violating the plea agreement.

**C.**    **Estimated Total Offense Level:**  The parties estimate that the Total Offense

Level is 15.

**D.**    **Criminal History:**  The determination of the Defendant's Criminal  History

Category shall be left to the Court. Either party may challenge, before and at sentencing, the

finding of the Presentence Report as to the Defendant's criminal history and the applicable

category. The Defendant's criminal history is known to the Defendant and is substantially

5

available in the Pretrial Services Report.

        **E.**    **Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the

Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen

all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline

despite the agreement herein and the parties shall not be permitted to withdraw from the plea

agreement.

**7.**    **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

        **A.**    **Appeal:** The Defendant has been fully apprised by defense counsel of the

Defendant's rights concerning appeal and fully understands the right to appeal the sentence under

Title 18, United States Code, Section 3742.

               **i.**    **Non-Sentencing Issues:**  The parties waive all rights to appeal

all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to

pretrial motions, discovery and the guilty plea, the constitutionality of the statute(s) to which

defendant is pleading guilty and whether defendant's conduct falls within the scope of the

statute(s).

               **ii.**    **Sentencing Issues:**  In the event the Court accepts the plea and, after

determining a Sentencing Guidelines range, sentences the Defendant within or below that range,

then, as part of this agreement, the Defendant hereby waives all rights to appeal all sentencing issues

other than Criminal History, as it relates to both Base Offense Level and Criminal History

Category. Similarly, the United States hereby waives all rights to appeal all sentencing issues other

than Criminal History, provided the Court accepts the plea and sentences the Defendant within or

above the determined Sentencing Guidelines range.

Case: 4:20-cr-00352-HEA   Doc. #:  22   Filed: 05/17/21   Page: 7 of 11 PageID #: 45

**B.     Habeas Corpus:** The Defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

**C.     Right to Records:** The Defendant waives all rights, whether asserted directly  or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8.    OTHER:**

**A.     Disclosures Required by the United States Probation Office:** The   Defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the United States.

**B.     Civil or Administrative Actions not Barred; Effect on Other Governmental**

**Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the Defendant.

**C.     Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the Defendant and may impose special conditions related to the crime Defendant committed. These conditions will be restrictions on the Defendant to which the Defendant will be required to adhere. Violation of the conditions of supervised release

7

resulting in revocation may require the Defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The Defendant understands that parole has been abolished.

**D.** **Mandatory Special Assessment:** This offense is subject to the provisions of the Criminal Fines Improvement Act of 1987 and the Court is required to impose a mandatory special assessment of $100 per count for a total of $100, which the Defendant agrees to pay at the time of sentencing. Money paid by the Defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

**E.** **Possibility of Detention:** The Defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

**F.** **Fines and Costs of Incarceration and Supervision:** The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. The precise amount of restitution is unknown at the present time. Pursuant to Title 18, United States Code, Section 3663A, an order of restitution is mandatory for all crimes listed in Section 3663A(c). Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Section 3663A(b) and the amount of loss agreed to by the parties, including all relevant conduct loss. The defendant agrees to provide full restitution to all victims of all charges in the indictment.

**G.** **Forfeiture:** The Defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their

8

investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The Defendant agrees that said items may be disposed of by law enforcement officials in any manner.  The Defendant agrees that the stipulated facts above are sufficient to support forfeiture of certain assets pursuant to forfeiture authorities.

**9.     ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**

In pleading guilty, the Defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the United States to prove the elements of the offenses charged against the Defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The Defendant further understands that by this guilty plea, the Defendant expressly waives all the rights set forth in this paragraph.

The Defendant fully understands that the Defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The Defendant's counsel has explained these rights and the consequences of the waiver of these rights. The Defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The Defendant is fully satisfied with the representation received from defense counsel.

The Defendant has reviewed the United States' evidence and discussed the United States' case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the Defendant has requested relative to the United States' case and any defenses.

## 10.   VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:

This document constitutes the entire agreement between the Defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the Defendant states that no person has, directly or indirectly, threatened or coerced the Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The Defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The Defendant further acknowledges that this guilty plea is made of the Defendant's own free will and that the Defendant is, in fact, guilty.

## 11.   CONSEQUENCES OF POST-PLEA MISCONDUCT:

After pleading guilty and before sentencing, if Defendant commits any crime, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The United States may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported

by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

**12.     NO RIGHT TO WITHDRAW GUILTY PLEA:**

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the Defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the United States agrees to dismiss or not to bring.

5/17/2021
Date

ANTHONY BOX, #58575MO
Assistant United States Attorney

17 May 2021
Date

Nicholas A Franke
Nicholas A Franke (May 17, 2021 10:04 CDT)
NICHOLAS FRANKE
Defendant

17 May 2021
Date

Mark Hammer
MARK HAMMER, #61542MO
Attorney for Defendant

11